IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN SMITH, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JRR-22-2998 |
| TOWSON UNIVERSITY, | * | |
| Defendant. | * | |
| | *** | |

## ORDER

Self-represented plaintiff John Smith, filed the above-captioned Complaint. Plaintiff alleges that, among other things, his rights under the Rehabilitation Act were violated and he was discriminated against based on his mental health disability by Defendant and its employees. With his initial filing, plaintiff filed Motions to Proceed Under a Pseudonym (ECF 3) and for Leave to Proceed in Forma Pauperis (ECF 6). Plaintiff's Motion for Leave to Proceed in Forma Pauperis is granted. For the reasons that follow the Motion to Proceed Under a Pseudonym is denied.

Plaintiff seeks an order allowing him to proceed in this action under the pseudonym "John Smith." ECF 3. In support of this motion, Plaintiff provides minimal information to support his request but states that he is "mentally disabled" and was "stigmatized and subjected to disparate treatment" due to this status. *Id.* He states that the claims in his Complaint concern the animus of Defendant's staff toward him and their expectation that due to his mental disability he would be violent. *Id.* He further contends that

> the political landscape [is] increasingly divisive surrounding the stereotypical association between mental illness and school shootings [and he] would be subjected to irreparable harm that would exacerbate his mental disabilities, would permanently expose private and sensitive information that's protected under HIPPA laws, would result in the loss of future career opportunities that would discriminate against Plaintiff for the slander Defendants have created fueled by Plaintiff's mental disabilities, and without such protections, would act as a severe

>deterrent form similarly situated Plaintiff from pursuing litigation in exercising their rights.

ECF 3 at 2. Therefore, Plaintiff claims he should be permitted to pursue his claim under a pseudonym so that he can "expose corruption without the fear of it causing irreparable harm to his medical conditions and his future career." *Id.*

Under Fed. R. Civ. P.10(a), a complaint must include a title naming all of the parties. However, in certain exceptional circumstances, the district court may allow a party to proceed pseudonymously. *Doe v. Pub. Citizen*, 749 F.3d 246, 273- 74 (4th Cir. 2014). Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *Id.* at 274. The United States Court of Appeals for the Fourth Circuit provides five non-exclusive factors to determine whether to grant a request to proceed pseudonymously:

>[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; [3] the ages of the persons whose privacy interests are sought to be protected; [4] whether the action is against a governmental or private party; and [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). "Not all of these factors may be relevant to a given case, and there may be others that are." *Doe v. Alger*, 317 F.R.D. 37, 29 (2016).

Taking the first factor, Plaintiff's allegations pertaining to his alleged disparate treatment due to his mental disability appear to be of a "sensitive and highly personal nature," although the

2

plaintiff is not entitled to a pseudonym "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238.  In considering disabling conditions and social stigma, other circuits have emphasized how exceptional and stigmatizing the issues must be to allow anonymity. *See, e.g.*, *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir.1997) (holding that plaintiff's obsessive-compulsive disorder was a "common enough" disorder and not so "shameful" that it warranted anonymity); *Doe v. UNUM Life Ins. Co. of Am.,* 154 F. Supp 3d 1140, 1146 (N.D. Ca. 2016) (holding "lawyer-plaintiff whose claim centers upon when he became disabled due to mental illness" was not entitled to anonymity); *Doe v. Garland*, 341 F.R.D. 116 (S.D. Ga. 2021) (holding "the fact information about a litigant's mental health may be revealed, without more, does not permit a party to proceed anonymously.");  *Doe v. Berskshire Life Ins. Co. of Am.*, No. 20-cv-1022, 2020 WL  3429152 * 2 (D. Col. June 23, 2020) (denying motion to proceed using pseudonym where request was based on potential embarrassment due to plaintiff's diagnosis of post-traumatic stress disorder); *Doe ex rel. Doe v. Harris,* No. 14–cv–00802, 2014 WL 4207599, at *2 (W.D.La. Aug. 25, 2014) (finding plaintiff's mental disorder, which "rendered him perpetually childlike and vulnerable," was not so stigmatizing as to require anonymity).  Plaintiff's case does not involve exceptional circumstances.

The second factor considers whether Plaintiff's proceeding publicly "poses a risk of retaliatory physical or mental harm." *James*, 6 F.3d at 238.  This factor is not addressed by Plaintiff in his motion other than his conclusory statement that failure to proceed anonymously may worsen his condition and/or cause future harm in employment. But "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity. *Doe v. Rostker*, 89 F.R.D. 158, 162 (ND.C. Cal. 1981). Accordingly, the second *James* factor weighs against permitting Plaintiff to proceed with a pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. Plaintiff is not a minor, and age is not a factor. Accordingly, the third *James* factor weighs against permitting Plaintiff to proceed with a pseudonym.

The fourth *James* factor considers whether Plaintiff's action is against a governmental or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously. Plaintiff names Towson University as the sole Defendant but lists a number of private individuals in the body of his Complaint who he alleges discriminated against him. "When a Plaintiff challenges the government or government activity, courts are more like[ly] to permit Plaintiffs to proceed under a pseudonym than if an individual has been accused publicly of wrongdoing." *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D.Va. 2016) (quoting *Yacovelli v. Moeser*, No. CV-596, 2004 WL 1144183, at *8 (M.D.N.C. May 20, 2014)). Unlike actions against private parties, "[a]ctions against the government do no harm to its reputation[.]" *Id.* (quoting *Doe v. Pittsylvania Cty.*, 844 F.Supp.2d 724, 730 (W.D.Va. 2012). Accordingly, the fourth factor does not weigh in favor of granting Plaintiff a pseudonym because Plaintiff identifies individual employees of Towson University and does risk harm to the reputation of those private individuals.

With respect to the fifth *James* factor, the Court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238. Here, Plaintiff has filed under seal his true identity. ECF No. 4. Thus, allowing Plaintiff to proceed pseudonymously is not unfair to Defendant, because defendant is fully aware of Plaintiff's identity. *See Alger*, 317 F.R.D. at 41.

Weighing all of the factors together, Plaintiff has not met the onerous burden to proceed pseudonymously in this case and his motion will be denied. The Court notes that going forward

Plaintiff may move to file particular documents under seal or for a protective order pursuant to Fed. R. Civ. P. 5.2 and 26(c), if applicable.

While Plaintiff's Motion to Proceed Under a Pseudonym was pending, the Clerk temporarily placed a number of documents under seal. Plaintiff will be provided with an opportunity to file a notice of dismissal or move to withdraw his sealed documents before the case is unsealed by the Clerk and service is directed on defendants. *See* Local Rule 105.11 (D.Md. 2021).

Accordingly, it is this _29th__ day of November, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Plaintiff SHALL BE REQUIRED to inform the Court of any change of address during the pendency of this action pursuant to Local Rule 102.1.b.iii (D. Md. 2021);

2. The parties ARE REMINDED that self-represented prisoner litigants need not serve pleadings on opposing counsel by mail pursuant to Local Rule 112.2(c) (D. Md. 2021);

3. The Motion for Leave to Proceed in Forma Pauperis (ECF 6) IS GRANTED;

5. Plaintiff's Motion to Proceed Under a Pseudonym (ECF 3) IS DENIED;

6. All documents will be unsealed unless Plaintiff files a notice of dismissal or moves to withdraw his sealed documents within 28 days from the date of this Order;

7. The Court will issue a subsequent Order for service on Defendant if Plaintiff does not file a notice of dismissal or move to withdraw his sealed documents within 28 days from the date of this Order; and

9. The Clerk is directed to mail a copy of this Order directly to plaintiff.

                                                              _____/S/_____
                                                              Julie R. Rubin
                                                              United States District Judge